IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK DAVID SWANN, #279-735 *
Plaintiff,
v. * CIVIL NO. RDB-06-472

H. B. MURPHY, *et al.*, *
Defendants.
*

**MEMORANDUM OPINION**

Pending in the above-captioned civil rights case is a Motion to Dismiss or , in the Alternative, for Summary Judgment filed on behalf of the remaining party Defendant, Dr. Isaias Tessema. Paper No. 8. Plaintiff has filed a Response in Opposition. Paper No. 19. Upon review of the papers filed, the Court finds a hearing in this matter to be unnecessary. Local Rule 105.6, D. Md. For the reasons set forth below, Defendant's Motion, construed as a Motion for Summary Judgment, shall be granted.

**Background**

The facts of this case are not in material dispute. On July 1, 2005, the Maryland Department of Public Safety and Correctional Services ("DPSCS") instituted a new policy concerning the screening and treatment of the Hepatitis C virus ("HCV"). Paper No. 8, Exhibit A., ¶ 4. A prisoner is tested for the disease if he or she has one or more of the following risk factors: HIV or chronic Hepatitis B infection; consistently elevated levels of the liver enzyme ALT of an unknown etiology; signs or symptoms of acute or chronic hepatitis; percutaneous exposure to blood; or chronic hemodialysis. *Id.*, Exhibit D, p. 6.

On September 30, 2005, Plaintiff, a Maryland prisoner then housed at the Western Correctional Institution in Cumberland ("WCI"), told Defendant he was at risk for HCV because his

cell mate had the disease. Paper No. 1 at 4; Paper No. 19, Exhibit A. Plaintiff contends Defendant refused to test him, stating that the Division of Correction ("DOC") "does not screen for Hepatitis." *Id*. Defendant contends that the testing was not done because Plaintiff did not fall into one of the risk categories found in the HCV policy protocol. Paper No. 8, Exhibit A at 2-3.

On December 17, 2005, Plaintiff was transferred to the Maryland Correctional Training Center at Hagerstown ("MCTC"). On December 28, 2005, a Hepatitis screening test was performed. Paper No. 8, Exhibit B, ¶ 3. Plaintiff was examined by a physician in the Medical-Surgical Clinic on January 18, 2006. Test results were not available at that time. *Id*., Exhibit B, ¶ 4. On January 30, 2006, the physician received the report, which indicated that Plaintiff was negative for Hepatitis A and Hepatitis B and positive for Hepatitis C. *Id*., Exhibit B, ¶ 5. Since that time, Plaintiff has been educated about the disease and scheduled for follow-up at regular intervals in the Infectious Disease Clinic. *Id*., Exhibit B, ¶¶ 6-7.

## Standard of Review

### Motion to Dismiss

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*,

604 F.2d 844, 847 (4th Cir. 1979).

Motion for Summary Judgment

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**Analysis**

Deliberate indifference to the serious medical needs of a pretrial detainee is punishment sufficient to establish a substantive due process claim. *See Hill v. Nicodemus,* 979 F.2d 987 (4th Cir. 1992); *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To establish deliberate indifference, the treatment rendered must be so grossly incompetent or inadequate as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851. Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate

health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U. S. 825, 837 (1994). "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of a deprivation devolve into an application of the subjective views of the judges deciding the question." *Strickler v. Waters*, 989 F. 2d 1375, 1379– 80 (4th Cir. 1993).

Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Mere negligence or malpractice does not rise to a constitutional level and disagreement with recommended treatment is not a basis for finding deliberate indifference. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986). Prison officials who are charged with deliberate indifference to a serious medical need must "know of and disregard the objectively serious condition, medical need, or risk of harm." *Shakka v. Smith*, 71 F. 3d 162, 166 (4th Cir. 1995).

Plaintiff requested HVC testing from Dr. Tessema on the basis of his cell mate's exposure to the disease. At that time, Plaintiff was neither symptomatic, nor did he fall into one of five "risk categories" listed in the Hepatitis protocol. Two-and-a-half months later, after transfer to another prison, Plaintiff apparently convinced health care providers that he should be tested. Although the test revealed that he was HCV positive, he did not exhibit signs or symptoms of any complications caused by the disease.[1] While Plaintiff may disagree with Dr. Tessema's decision to refuse testing

---

[1] In addition to money damages, Plaintiff seeks injunctive relief, including a liver biopsy and treatment with Interferon. Paper No. 1 at 4. He is no longer housed at WCI, and has alleged no facts that would indicate he is entitled to such treatment by prison health care providers under contract at his current place of confinement, MCTC. Plaintiff is free to initiate a separate civil rights action alleging denial of medical care on the

based on Plaintiff's concerns about his HCV-positive cell mate, he fails to state a claim of deliberate indifference under the Eighth Amendment. Furthermore, he has failed to demonstrate actual injury caused by any delay in the testing caused by Dr. Tessema's reliance on the existing testing protocol.

**Conclusion**

In light of the evidence submitted and the undisputed facts of the case, this Court concludes that Defendant is entitled to judgment in his favor on all claims raised in the Complaint. A separate Order follows.

September 22, 2006
Date

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

part of MCTC medical staff. As he is no longer under Dr. Tessema's care and housed at WCI, Plaintiff can no longer seek injunctive relief and ongoing medical treatment from Dr. Tessema, the sole party defendant here.